**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

VERONICA TROCHE, on behalf of herself and

all others similarly situated,

                        Plaintiff,

                         -against-

MARDEL, INC.

                        Defendant,

---------------------------------------------------------------X

Case No. 1:22-CV- 7098

**STATEMENT OF DAMAGES**

**Compensatory Damages,** pursuant to New York State Human Rights Laws ("NYSHRL"); New

York City Human Rights Laws ("N.Y.C.H.L")…………………………$ 1,000.00

**Costs and Disbursements**

        Clerk's   Fee   …………………………………………………………..$402.00
        Process   Server   fee   for   service   ………………………………......….$85.00
        Attorney Fees ………………………………………………………….TBD
         42 U.S.C. § 12205; N.Y.C. Admin. Code 8-502(f)

        Total ………………………………………………………………...TBD

        **<u>AFFIXED AS EXHIBITS</u>**

1. Summons
2. Complaint
3. Proof of Service

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

VERONICA TROCHE, on behalf of herself                   Case No. 1:22-CV- 7098
and all others similarly situated,

                     Plaintiff,                   **STATEMENT OF DAMAGES**

                    -against-

MARDEL, INC.

                  Defendant,

---------------------------------------------------------------X

        PLEASE TAKE NOTICE that, on October 28, 2022, or such other date set by the

Court, Plaintiff will move this Court, based on the declaration of Noor A. Saab, Esq., and all

documents attached thereto, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for

Attorneys' Fees, Costs, pursuant to the Americans with Disabilities Act ("A.D.A.")  and the New

York City Human Rights Law ("N.Y.C.H.R.L."), 42 U.S.C. § 12205; N.Y.C. Admin. Code §8502(f),

as the Defendant has failed to enter an appearance or otherwise meaningfully respond, and for such

other and further relief as this Honorable Court may deem just and proper.


Dated: October 28, 2022

                                THE LAW OFFICE OF NOOR A. SAAB, ESQ.
                                Attorneys for Plaintiff

                                /s/ Noor A. Saab_____
                                By:  Noor A. Saab Esq.
                                380 North Broadway, Suite 300
                                Jericho, New York 11753
                                Tel: 718-740-5060
                                Fax: 718-709-5912
                                Email: NoorASaabLaw@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VERONICA TROCHE, on behalf of herself and
all others similarly situated,

                         Plaintiff,             Case No. 1:22-CV- 7098

                      -against-        MEMORANDUM OF LAW IN
                                       SUPPORT FOR COSTS AND FEES

MARDEL, INC.

                     Defendant,
-------------------------------------------------------------X

       VERONICA TROCHE brings this action against MARDEL, INC. alleging various

violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq.;

the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §8-107(4)(a); and the

New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §296(2)(a), following the entry

of an Order of Default for Defendant's failure to appear; and respectfully submits the foregoing in

support of a Motion for the award of costs, and fees related to the instant action.


**INTRODUCTION**

       Plaintiff, VERONICA TROCHE, is a permanently blind individual, a resident of the State

of New York, who must utilize screen-reading software to navigate the internet. Plaintiff uses the

commercially available NVDA screen-reading program and is a proficient user of this particular

program. Defendant, MARDEL, INC. is a Corporation registered to do business in New York that

operates a website, which offers consumers features to access the goods and services which

Defendant offers in connection with their physical location, which is located at

7727 SW 44th St, Oklahoma City, OK 73179.

As stated within the Compliant, on a number of occasions, the last time in July 2022, Plaintiff attempted to access the subject Website, to no avail. Plaintiff encountered a multitude of access barriers which prevented him from successfully navigating and discerning the offered goods, services, and information in relation to this corporation. The Complaint alleged various violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq.; the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §8-107(4)(a); and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §296(2)(a).

Plaintiff instituted action against the Defendant by the service of such Complaint on September 20, 2022.  Defendant had 21 days in which to file an Answer or request an extension. Defendant failed to reply and on October 28, 2022, Plaintiff moved for a Certificate of Default, which was issued by the Clerk of the Southern District of New York on the same date, October 28th, 2022. Contemporaneously, Plaintiff petitions this Honorable Court for the issuance of a Default Judgment, pursuant Federal Rules of Civil Procedure ("FRCP"), Rule 54(b) and 55(b), based upon Defendant's failure to meaningfully respond.

## LEGAL AUTHORITY FOR FEES, AND COSTS

Pursuant to the A.D.A., the Court may award reasonable attorney fees and costs to the prevailing party in a civil rights action. The ADA provides that:

> in any action or administrative proceeding commenced   pursuant to this chapter, the court or agency, in its  discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee, including   litigation expenses and costs ….

*See*, 42 U.S.C. §12205

Indeed, a presumption exists that successful civil rights litigants should ordinarily recover attorneys' fees and costs related to the litigation. See *Raishevic v. Foster,* 247 F.3d 337, 344 (2d Cir.

2001) (function of award of attorneys' fees is to encourage bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel).

The Supreme Court has held that, to qualify as a prevailing party, a civil rights plaintiff must obtain an enforceable judgment against the defendants from whom fees are sought. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Thus, the relief the plaintiff secures must directly benefit him at the time of the judgment. In short, a party "prevails" in a litigation when actual relief on the merits of his or her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Id. Accordingly, an Order of Default Judgment, for compliance to the ADA and NYCHRL as to the subject website, makes plaintiff a prevailing party entitled to litigation costs, and reasonable attorney fees.

Both statutes permit courts to award prevailing plaintiff's reasonable attorney fees and costs. See 42 U.S.C. §12205; N.Y.C. Admin. Code §8-502(a). Courts apply the same standard under both statutes to determine a reasonable award for a prevailing party's fees and costs. See *Hugee v. Kimso LLC.,* 852 F.Supp.2d 281, 297 (E.D.N.Y. 2012). These costs and out-of-pocket expenses are of the type routinely billed by Counsel's fee-paying clients, are necessary items incurred in the litigation process and may be awarded on this fee application. See e.g., *Reichman v. Bonsignore, Brignati & Mazzotta P.C.,* 818 F.2d 278, 283 (2d Cir. 1987).

Here, the attached Statement of Damages details the costs for instituting litigation in this case, and as to attorney fees, Plaintiff respectfully requests the sum to be determined by this Honorable Court, based upon the expenditure of time researching, drafting and preparation of documents. Upon demand, Plaintiff will submit a detailed fee petition.

Wherefore, based upon the authority above, Plaintiff respectfully requests that this Court issue

an Order for costs, and reasonable attorney fees in relation to the instant litigation and for such other

and further relief as this Honorable Court may deem just and proper.

Dated: October 28, 2022

                                  Respectfully Submitted,

                               THE LAW OFFICE OF NOOR A. SAAB, ESQ.
                               *Attorneys for Plaintiff*

                               **/s/ Noor A. Saab_____**

By:     Noor A. Saab Esq.
           380 North Broadway, Suite 300
           Jericho, New York 11753
           Tel: 718-740-5060
           Fax: 718-709-5912
           Email: NoorASaabLaw@gmail.com